IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLOBAL 360, INC., <br> f/k/a EISTREAM WMS, INC., <br> f/k/a EISOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SPITTIN' IMAGE SOFTWARE, INC., <br> IMAGEMAKER DEVELOPMENT INC., <br> and KEN DAVIES, <br><br> Defendants. | § § § § § § § § § § § § § | Civil Action No. 3:04-CV-1857-L |

## MEMORANDUM OPINION AND PRELIMINARY INJUNCTION ORDER

Before the court is Plaintiff's Motion for Preliminary Injunction, filed October 15, 2004, Defendants' Motion for Entry of Unopposed Preliminary Injunction, filed August 5, 2005 and Defendants' Unopposed Withdrawal of Defendants' Motion for Entry of Unopposed Preliminary Injunction, filed August 10, 2005. After careful consideration of the motions, response, reply, the record evidence, and the applicable law, the court **grants** Plaintiff's Motion for Preliminary Injunction, **denies as moot** Defendants' Motion for Entry of Unopposed Preliminary Injunction and **grants** Defendants' Unopposed Withdrawal of Defendants' Motion for Entry of Unopposed Preliminary Injunction.[1]

---

[1] No responses or replies were filed to Defendants' August 5 motion or Defendants' August 10 motion.

**Memorandum Opinion and Preliminary Injunction Order – Page 1**

I.  **Factual and Procedural Background**

Plaintiff Global 360, Inc., f/k/a eiStream WMS, Inc., f/k/a eiSolutions, Inc. ("Global" or "Plaintiff") is a Delaware corporation with a principal place of business in Dallas, Texas.[2]  Global develops, implements and sells computer software programs.  Global created, registered and owns the copyright in a software program named "Imaging for Windows" (the "Copyrighted Software").  The Copyrighted Software transforms paper documents into electronic documents that users can view, edit, distribute via e-mail, post to and download from the Internet.  Global also created, and obtained copyright registrations for, supporting documentation and website text related to Imaging for Windows.  Global has used the mark "Imaging for Windows" continuously since 1995.

Defendant Ken Davies ("Davies"), a Canadian citizen, is the president, managing director, bookkeeper, and sole employee of Defendant ImageMAKER Development, Inc. ("ImageMAKER").  Davies writes software and designs and develops Windows-based viewer technology.  Defendant ImageMAKER is a Canadian corporation formed in 1990, and is the developer of "ImageMAKER Imaging for Windows," a software product that provides image viewing, editing, storing and annotating capabilities.  Davies formed ImageMAKER in 2000 for the purpose of selling ImageMAKER products.  Beginning in 2003, ImageMAKER began operating an Internet website named *ImagingforWindows.com* to advertise and sell its products.  Ken Davies is a registered owner of the domain name *ImagingforWindows.com*.

In June 2004, Global first learned of Defendants' "Imaging for Windows" software program and its *ImagingforWindows.com* website.  Representatives from Global and IMAGEMaker,

---

[2]On December 31, 2004, eiStream WMS, Inc. f/k/a eiSolutions, Inc. changed its name to Global 360, Inc. On February 3, 2005, the court issued an order granting Plaintiff's Unopposed Motion for Party Name Change, filed February 2, 2005.

**Memorandum Opinion and Preliminary Injunction Order – Page 2**

including Ken Davies, met at Global's offices in Dallas, Texas, where Global demanded that Defendants cease and desist their allegedly infringing activities. At that meeting, Defendants proposed selling the company to Global for $18 million, but did not agree to stop selling the "Imaging for Windows" product. Global responded by filing this lawsuit on August 25, 2004, asserting claims against Defendants for copyright infringement, violations of the Lanham Act, state law trademark dilution, and unfair competition. Global alleges that Defendants: (i) willfully infringed Global's copyrighted software and supporting documentation by copying and distributing both, as well as by copying portions of Global's website text in order to advertise the infringing software; (ii) infringed Global's trademark by using the product name "Imaging for Windows" and the domain name *ImagingforWindows.com*, which acts of infringement are further likely to dilute the distinctiveness of Global's mark and harm its business reputation; and (iii) by using Global's trademark, caused confusion, mistake and deception as to the source and origin of Defendants' computer software products. In addition, in its request for relief, Global 360 sought preliminary and permanent injunctive relief with regard to Defendants' alleged infringing and unlawful conduct. *See* Compl. at 22-23, ¶ 74.

On October 19, 2004, Global filed a Motion for Preliminary Injunction and Brief in Support, asking the court to enter a preliminary injunction to stop Defendants from selling, distributing, or developing the ImageMAKER Imaging for Windows product, the Global Imaging for Windows product (sometimes also referred to as the "eiStream Imaging for Windows product") and any variation, including but not limited to, derivative works of either product, or from destroying or altering documents relating to the sale, distribution, or development of the infringing software,

documentation and website.³ On August 10, 2005, Defendants filed their Response to Plaintiff's Motion for Preliminary Injunction ("Defendants' Response") in which Defendants concede that a preliminary injunction should be entered. As set forth in Defendants' Response to Plaintiff's Motion for Preliminary Injunction, filed August 10, 2005: "Defendants, while sharply disputing the liability issues of Plaintiff as it pertains to its alleged trademark and its alleged copyright, nonetheless agree to the entry of an [sic] Preliminary Injunction . . . ." Def. Resp. at 1.⁴ Plaintiff filed a reply under seal on August 22, 2005.

## II.   Analysis

There are four prerequisites for the extraordinary relief of a temporary restraining order or preliminary injunction. To prevail, the moving party must demonstrate: (i) a substantial likelihood of success on the merits; (ii) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (iii) that greater injury will result from denying the temporary restraining order than from its being granted; and (iv) that a temporary restraining order will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*).

---

³Although Plaintiff's Motion for Preliminary Injunction was filed October 19, 2004, it was preceded by Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, filed October 15, 2004. The court ruled on the motion to dismiss, denying it with regard to Defendant ImageMAKER Development, Inc., and Defendant Ken Davies, and granting it with regard to Defendant Spittin' Image Software, Inc. *Global 360, Inc. v. Spittin' Image Software, Inc., et al.*, C.A. No. 3:04CV1857-L (N.D. Tex. March 17, 2005). Plaintiff's Motion for Preliminary Injunction became ripe on August 22, 2005, when Plaintiff filed its reply brief.

⁴On August 5, 2005, instead of filing a response to Plaintiff's Motion for Preliminary Injunction, as ordered by the court in its July 15, 2005 Briefing Schedule, Defendants instead filed "Defendants' Motion for Entry of Unopposed Preliminary Injunction" which failed to respond to Plaintiff's Motion, and instead sought entry of an alternative order of injunctive relief against Defendants. On August 10, 2005, Defendants filed an Unopposed Withdrawal of Defendants' Motion for Entry of Unopposed Preliminary Injunction, thereby mooting Defendants' Motion for Entry of Unopposed Preliminary Injunction.

**Memorandum Opinion and Preliminary Injunction Order – Page 4**

In this case, Defendants have conceded that entry of preliminary injunctive relief is warranted. *See* Def. Resp. at 1. Further, in their Response, Defendants do not dispute the evidence and do not argue that Global 360 has failed to satisfy the four prerequisites to entry of preliminary injunctive relief. Based on Defendants' concession, the court determines that the four prerequisites to entry of preliminary injunctive relief have necessarily been satisfied. Accordingly, the court hereby grants Plaintiff's Motion for Preliminary Injunction.

### III.    Preliminary Injunction

The court has considered the parties' briefing on this matter, the record evidence, and the applicable case law.[5] For the reasons stated herein, the court **grants** Defendants' Unopposed Withdrawal of Defendants' Motion for Entry of Unopposed Preliminary Injunction, filed August 10, 2005. Further, the court **denies as moot** Defendants' Motion for Entry of Unopposed Preliminary Injunction, filed August 5, 2005. Finally, the court **grants** Plaintiff's Motion for Preliminary Injunction and **enjoins** Defendants ImageMAKER Development, Inc. and Ken Davies ("Defendants") as follows:

With respect to the ImageMAKER Imaging for Windows product, the Global Imaging for Windows product (sometimes also referred to as the "eiStream Imaging for Windows product") or any variation, including but not limited to, derivative works of either product (hereinafter, the "Products"), the court hereby **orders** Defendants, including their representatives, officers, agents, employees, stockholders, other investors, non-commercial creditors and assigns and any and all

---

[5]Noting that Plaintiff's Motion for Preliminary Injunction, filed October 14, 2004, lacked a proposed order, in violation of Local Rule 7.1(c), the law clerk for the court requested that Plaintiff submit a proposed order. On September 8, 2005, Plaintiff submitted a proposed order. As the proposed order is not entirely consistent with the original prayer for injunctive relief (*see* Motion for Preliminary Injunction at 27-28), the court relies on the original prayer for injunctive relief contained in Plaintiff's Motion for Preliminary Injunction.

**Memorandum Opinion and Preliminary Injunction Order – Page 5**

persons, firms, associations and corporations acting by, through or under the direction of the Defendants or acting in concert or active participation with the Defendants, to:

> (1) Immediately cease and desist from selling, offering for sale, distributing, licensing, removing, assigning, transferring, encumbering, advertising, promoting, concealing, altering, hypothecating, maintaining, reproducing or supporting the Products, or providing counseling or customer service for the Products in or into the United States;
>
> (2) Immediately cease and desist from selling, offering for sale, distributing, licensing, removing, assigning, transferring, encumbering, advertising, promoting, concealing, altering, hypothecating, maintaining, reproducing or supporting the Products, or providing counseling or customer service for any products that are substantially similar to the Products or engage in any activity concerning the Products that would generate any revenue for Defendants or its designees in or into the United States;
>
> (3) Not disclose, sell, distribute, license, assign, transfer, encumber, advertise, promote, conceal or hypothecate any computer code or other information about the Products, except to Global 360 or its designees;
>
> (4) Not destroy, alter, dispose of, conceal, tamper with, or in any manner secret, any and all business records, invoices, correspondence, books of account, receipts or other documentation, whether in hard copy or electronic form, relating or referring in any manner to the design, development, sale, receipt, importation, advertising, promotion, purchase, support, maintenance service, offer for sale, or distribution of any of the Products, specifically including any documentation, user manuals, and website content related to the Products;
>
> (5) Not use the term IMAGING FOR WINDOWS in connection with the promotion or sale of any software product or related counseling or customer service; and
>
> (6) Not affix, apply, annex, use or mark in connection with the sale of any goods or services any false designation of origin, false description or false representation, including words or other symbols tending to falsely describe, or represent that goods or services sold,

       provided or distributed by either of the Defendants originate from, or
       are sponsored, approved or licensed by the Plaintiff.

This preliminary injunction shall not be effective unless and until Plaintiff executes and files with the clerk of court, a bond, in conformity with the law, or a cash deposit in lieu thereof, in the amount of $10,000. This preliminary injunction shall remain in effect until dissolved, or otherwise modified, by the court.

**It is so ordered** this 9th day of September, 2005.

                                            Sam A. Lindsay
                                            United States District Judge